# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**1:19-cv-03840-WMR   Jane Doe 1 v. Red Roof Inns, Inc. et al**
**1:19-cv-03841-WMR   Jane Doe 2 v. Red Roof Inns, Inc. et al**
**1:19-cv-03843-WMR   Jane Doe 3 v. Red Roof Inns, Inc. et al**
**1:19-cv-03845-WMR   Jane Doe 4 v. Red Roof Inns, Inc. et al**

## Honorable William M. Ray, II

Minute Sheet for proceedings held In Open Court on 02/07/2020.

TIME COURT COMMENCED: 9:00 A.M.
TIME COURT CONCLUDED: 12:00 P.M.
TIME IN COURT: 3:00
OFFICE LOCATION: Atlanta

COURT REPORTER: Wynette Blathers
DEPUTY CLERK: Jennifer Lee

PROCEEDING CATEGORY:     Status Conference(Motion Hearing Non-evidentiary);

MINUTE TEXT:     The Court stated any motions to dismiss not filed by the deadline will be denied as moot. The Court first hears from each franchise defendant and limits oral argument to 10 minutes per motion. Nicole Perry argued first for the Hilton defendants. Sara Turner argued for Choice Hotels. David Sager argued for Wyndham, Microtel, Ramada and La Quinta. Charles Reed for Red Roof Inns, Inc. confirmed they did not file a motion to dismiss. The Court informed Emily Adams for ESA Defendants that their motion to dismiss would not be argued as it was filed one day late.

Tiana Mykkeltvedt, John Floyd and Jonathan Tonge, Manoj Varghese presented counter argument for Plaintiffs. The Court heard from owner/operator filers - David Sager for CPLG entities, LQ Management, LLC; Sabrina Atkins for JHM, Laxmi Druid Hills and Auro Hotels. Plaintiffs responded with counter argument. The Court rules the timely motions to dismiss filed by the franchisers and argued today will be GRANTED without prejudice. The Court does not find plausibility of facts alleged. However, the Court is open to reconsidering the dismissal of these defendants if Plaintiffs can reveal new facts via discovery. The Court further orders that all Defendants being dismissed still owe discovery as already requested by Plaintiffs and no third party subpoenas will be required. The Court reminds parties that no one is dismissed until an official order is entered. The Court asks counsel for each group of Defendants receiving a dismissal to prepare proposed orders (3 total) and email to the Court in Word format within 14 days from today. The Court orders Plaintiffs to file a Second Amended Complaint 14 days after the entry of the order ruling on the motions to dismiss. On or after April 1, 2020, motions for judgment on the pleadings will be allowed, but there may be no more motions to dismiss filed in this case. The Court will term the existing motions for judgment as moot. As to the individual owners/operators, the Court finds there are sufficient grounds to let the claims proceed. The Court suspends the need for Defendants to file an Answer to the Second Amended Complaint but if any Defendant has not previously appeared, their Answer is due. The Court inquired as to whether Plaintiffs will seek to stay this litigation if they appeal today's ruling, and Plaintiffs stated they will not stay this case if they decide to file an appeal. The Court states any discovery disputes can be addressed at the March status conference, but if there is no need for a conference, parties may contact chambers and the status conference will be canceled. Hearing adjourned.

| | |
|---|---|
| HEARING STATUS: | Hearing Concluded |