# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| A.C., an individual, | ) | |
| | ) | **CASE NO. 2:19-cv-4965** |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **Judge Algenon L. Marbley** |
| | ) | **Magistrate Elizabeth Preston Deavers** |
| RED ROOF INNS, INC.; WYNDHAM | ) | |
| HOTELS AND RESORTS, LLC; AND | ) | |
| CHOICE HOTELS INTERNATIONAL, | ) | |
| INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT CHOICE HOTELS INTERNATIONAL, INC'S
## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant Choice Hotels International, Inc. ("Choice), files this Original Answer and Affirmative Defenses to Plaintiff's Amended Complaint and would respectfully show the Court as follows:

## <u>INTRODUCTION</u>

1.      The allegations in this Paragraph of Plaintiff's Amended Complaint are not directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

2.      The allegations in this Paragraph of Plaintiff's Amended Complaint do not appear to be directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

3.      The allegations in this Paragraph of Plaintiff's Amended Complaint are not directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, the allegations constitute legal conclusions and no response is required. To the extent a response is

required, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint, except Choice admits Plaintiff has brought this action under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA").

4.      Many allegations in this Paragraph of Plaintiff's Amended Complaint do not appear to be directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

5.      The allegations in this Paragraph of Plaintiff's Amended Complaint do not appear to be directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

6.      The allegations in this Paragraph of Plaintiff's Amended Complaint are not directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice denies the allegations.

7.      Many allegations in this Paragraph of Plaintiff's Amended Complaint do not appear to be directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

8.      The allegations in this Paragraph of Plaintiff's Amended Complaint do not appear to be directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph, except Choice admits that Plaintiff brings this action under the TVPRA.

## PARTIES

9.     The allegations in this Paragraph of Plaintiff's Amended Complaint are not directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

10.     The allegations in this Paragraph and all of its subparts of Plaintiff's Amended Complaint are not directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

11.     The allegations in this Paragraph of Plaintiff's Amended Complaint and all of its subparts are not directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

12.     The allegations in this Paragraph of Plaintiff's Amended Complaint are not directed to Choice, and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

13.     Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint and all of its subparts, except Choice admits that it is a Delaware Corporation and that its registered agent is the United States Corporation Company, 50 West Broad Street, Suite 1330, Columbus, Ohio, 42315, that Quality Inn® is a Choice brand, Choice considers guest safety and security to be of the utmost importance, and that franchisees agree to pay certain fees to a franchisor.

14. Choice denies the allegations in this Paragraph, except Choice admits that there is a Quality Inn® located at 800 Eight Street W., Cincinnati, Ohio 45203 and at 4747 Montgomery Road, Cincinnati, Ohio 45212.

15. The allegations in this Paragraph of Plaintiff's Amended Complaint are not directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

## JURISDICTION AND VENUE

16. The allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

17. The allegations in this Paragraph of Plaintiff's Amended Complaint do not appear to be directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions and no response is required. To the extent a response is required, Choice denies that venue is proper in this judicial district and denies liability for or involvement with any conduct with the Plaintiff in this District.

## SEX TRAFFICKING UNDER FEDERAL LAW

18. This Paragraph and the "Sex Trafficking under Federal Law" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

19.     This Paragraph and the "Sex Trafficking under Federal Law" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

20.     This Paragraph and the "Sex Trafficking under Federal Law" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

21.      This Paragraph and the "Sex Trafficking under Federal Law" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

## FACTUAL ALLEGATIONS

22.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

23.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is

required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

24.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

25.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

26.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

27.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

28.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

29.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

30.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

31.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

32.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny

the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

33.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

34.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

35.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

36.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

37.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

38.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

39.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

40.     Choice admits that it has supported the anti-trafficking group Polaris and admits that it is a member of the ECPAT-USA (End Child Prostitution, Pornography and Trafficking of Children for Sexual Purposes) Tourism Child-Protection Code of Conduct (The Code). Choice lacks sufficient knowledge to admit or deny the remaining allegations in this Paragraph of Plaintiff's Amended Complaint, and the remaining allegations are, therefore, denied.

41.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny

the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

42. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

43. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

44. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied

45. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied

46. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is

required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied

47.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

48.    This Paragraph, its subparts, and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

49.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

50.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear directed at Choice, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

51.    This Paragraph, its subparts, and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed to Choice, and no

response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint and the allegations are, therefore denied.

52.     This Paragraph, its subparts, and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint and the allegations are, therefore denied.

53.     This Paragraph, its subparts, and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument, and no such response is required. To the extent a response is required, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint, except Choice admits that there is a Quality Inn located at 800 Eight Street W., Cincinnati, Ohio and at 4747 Montgomery Road, Cincinnati, Ohio 45212.

54.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

55.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

56.	This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

57.	This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

58.	This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

59.	This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

60.	This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient

knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

61.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

62.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

63.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

64.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

65.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and the allegations do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

66.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

67.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

68.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

69.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny

the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

70.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

71.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

72.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

73.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

74. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

75. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

76. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

77. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

78. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny

the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

79.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

80.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

81.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph of Plaintiff's Amended Complaint, and the allegations are, therefore, denied.

82.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

83.    This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and do not appear to be directed at Choice, and no response is

required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

84.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

85.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

86.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

87.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

88.     This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

89. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

90. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

91. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

92. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

93. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

94. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice,

and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

95. This Paragraph, its subparts, and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

96. This Paragraph and the "Factual Allegations" section of Plaintiff's Amended Complaint constitute argument and many of the allegations do not appear to be directed at Choice, and no response is required. To the extent a response is required, denies the allegations in this Paragraph of Plaintiff's Amended Complaint.

## CAUSES OF ACTION
### Count One – 18 U.S.C. § 1595 ("TVPRA")

97. Choice incorporates its responses to Plaintiff's allegations in the preceding Paragraphs as if fully set forth herein.

98. The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

99. The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

100. The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

101.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

## PLAINTIFF'S PRAYER FOR RELIEF

The remainder of Plaintiff's Amended Complaint constitutes Plaintiff's request for relief, to which no response is required.  Insofar as it is determined that a response is required, Choice denies that Plaintiff is entitled to the relief sought from Choice.

All allegations that have not been specifically admitted are hereby denied.

## <u>DEFENSES</u>

1.    Plaintiff's Amended Complaint fails to state a cause of action against Choice for which relief may be granted.

2.    Plaintiff's Amended Complaint failed to name necessary and indispensable parties.

3.    Venue is inconvenient or improper.

4.    The joining of Plaintiff's individual and separate claims against various hotels and hotel brands is prejudicial and improper.  Plaintiff's claims against various defendants should be severed and/or dismissed.

5.    The joining of Plaintiff's claims against various co-defendants and any trial of Choice with its numerous co-defendants violates Choice's constitutional rights, including, but not limited to, its rights under the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution and applicable provisions of the Ohio constitution(s).

6.    Plaintiff's claims are barred, in whole or in part, because the statute sued upon is unconstitutionally vague and ambiguous.

7.      Plaintiff's claims are barred, in whole or in part, pursuant to the applicable statute of limitations, statutes of repose, and/or equitable doctrines of laches and estoppel.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exercise reasonable care and diligence to mitigate her injuries and damages.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, release, and accord and satisfaction.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

11.     Plaintiff's claims are barred, in whole or in part, due to the spoliation of evidence.

12.     Plaintiff's claims are barred, in whole or in part, because, to the extent any employees committed any actionable acts or omissions, such acts were committed outside the scope of authority conferred.

13.     Plaintiff's alleged injuries and damages were the result of actions or inactions of persons or parties other than Choice over which Choice had no control and for which Choice is not liable.

14.     Plaintiff's alleged injuries and damages were caused in whole or in part by the negligent acts or omissions of other parties thus barring recovery from Choice.

15.     Plaintiff's alleged injuries and damages were caused in whole or in part by the criminal acts of third parties not a party to this litigation.

16.     Plaintiff's alleged injuries and damages were caused by the intentional and/or criminal acts of third parties that Choice is not responsible for, the identity of which are known to Plaintiff, but have not been fully disclosed to Defendants.  Choice would seek to designate these criminal actors are responsible third parties.

17.     Any injuries and/or damages alleged by Plaintiff were the result of an unforeseeable series of events over which Choice had no control and for which Choice cannot be held liable.

18.     Any injuries and/or damages alleged by Plaintiff were the result of superseding and intervening causes or caused by the negligence and/or fault of others over whom Choice had no control.

19.     Any injuries and/or damages alleged by Plaintiff in her Amended Complaint were the result of Plaintiff's own negligence.

20.     To the extent that Choice is found liable, it reserves the right to seek indemnification from any party so liable as a matter of law or by contractual right.  Nothing contained herein shall be construed as a waiver of that right.

21.     To the extent that Choice is found liable to Plaintiff for damages, Choice intends to seek a reduction of damages under the proportionate responsibility statute.

22.     To the extent that the claims stated in the Amended Complaint have been settled, compromised, or otherwise discharged, a setoff is due.

23.     With respect to Plaintiff's claims for punitive damages, Choice specifically incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards which arose in the decisions *of BMW of No. America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 438 (2003), and their progeny.

24.     The allegations in Plaintiff's Amended Complaint related to criminal activity at unrelated Quality Inns® are immaterial, impertinent, and should be stricken.

25.     Choice did not own, occupy, operate, manage, or retain any day-to-day control of the premises in question and, therefore, cannot be held responsible for the incidents made the basis of this matter or Plaintiff's damages.

26.     Choice is entitled to all credits, defenses, rights and setoffs under Ohio law.

27.     Choice reserves the right to amend this Answer to assert additional defenses to the extent necessary as facts are investigated and developed.

## PRAYER FOR RELIEF

WHEREFORE, Choice respectfully requests that the Court dismiss Plaintiff's claims against Choice in full and award choice all other relief to which it is entitled in law or equity.

Respectfully submitted,

*/s/ Alyson Terrell*
Jennifer Snyder Heis (#0076181) (Trial Attorney)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 698-5058
jheis@ulmer.com

Alyson Terrell (#0082271)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215
(614) 229-0042
(614) 229-0043 FAX
aterrell@ulmer.com

Sara M. Turner (*pro hac vice*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, AL 35203
(205) 250-8316
smturner@bakerdonelson.com
**Attorneys for Defendant**
**Choice Hotels International, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed through the Court's Electronic Case Filing System (CM/ECF) on the 10th day of July, 2020 and Notice will thus be sent to all registered parties, per Civil Rule 5(b)(2)(E).

*/s/ Alyson Terrell*
Alyson Terrell (0082271)
*Counsel for Defendant Choice Hotels*
*International, Inc.*