## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**A.C.,**

    **Plaintiff,**

  vs.

**RED ROOF INNS, INC.,**
*et al.*,

    **Defendants.**

Case No. 2:19-cv-4965

**Chief Judge Algenon L. Marbley**

**Chief Magistrate Judge Elizabeth P. Deavers**

### OPINION AND ORDER

This matter is before the Court on Plaintiff A.C.'s Renewed Motion for a Protective Order and to Proceed Anonymously (ECF No. 62) and Defendant Wyndham Hotels & Resorts, Inc.'s ("Wyndham") Motion for Entry of Protective Order Governing Confidentiality and Privilege (ECF No. 66). The motions have been fully briefed and are ripe for decision. The Court resolves these motions as follows.

### I.

This case is one of several currently pending in this Court brought under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595(a), by a sex trafficking survivor. This particular Plaintiff, A.C., alleges she was trafficked in the summer of 2013 at a Quality Inn Hotel and Suites Central in Cincinnati, Ohio and a Red Roof Inn and Days Inn in Sharonville, Ohio. (ECF No. 24 at ¶¶ 57, 65.) According to the amended complaint, the hotel Defendants knew that sex trafficking occurred frequently on their properties and failed to prevent it. (*see generally Id.* at ¶¶ 84-96 ). Plaintiff also asserts that the Defendants knew or

should have known of the trafficking alleged here.  (*Id.*)  The Court has extensively analyzed the issues of civil liability in several of the pending cases in denying motions to dismiss.  *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019); *H.H. v. G6 Hospitality, LLC*, No. 2:19-cv-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2:19-cv-1194, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020). This includes a recently denied motion to dismiss in this case.  *See* ECF No. 70, 2020 WL 3256261  (S.D. Ohio June 16, 2020).  Further, Orders similar to those requested here have been entered or submitted in some of the other pending cases.[1]  It is with this background in mind that the Court considers the current motions.

## II.

The burden of establishing good cause for a protective order rests with the movant.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).  To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury."  *Id*.  Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense. . . ."  Fed. R. Civ. P. 26(c)(1).

Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order burdening a party's trial preparation.  *Nemir v. Mitsubishi*

---

[1] *See* Stipulated Protective Orders entered in *H.H. v. G6 Hospitality, LLC*, No. 2:19-cv-755 (ECF No. 36); *M.A. v. Wyndham Hotels & Resorts, Inc*., No. 2:19-cv-849 (ECF No. 60); *Doe S.W. v. Lorain-Elyria Motel, Inc*., No. 2:19-cv-1194 (ECF No. 58); and *T.S. v. Intercontinental Hotels Group*,  No. 2:19-cv-2970 (ECF No. 33).  *See* Confidentiality Orders submitted in *H.H. v. G6 Hospitality, LLC,* No. 2:19-cv-755 (ECF No. 91-1) and *M.A. v. Wyndham Hotels & Resorts, Inc*., No. 2:19-cv-849 (ECF No. 163-1).

*Motors Corp.*, 381 F.3d 540, 550-551 (6th Cir. 2004) ("If [the movant's] unsubstantiated fears of prejudice justified a protective order, such orders would be justified in virtually every case. . . ."). The decision to grant or deny a motion for protective order "falls within the broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988). "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . . The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 26(c)(1) requires a party moving for a protective order to include a certification that the movant has, in good faith, conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). The Court is satisfied that this prerequisite to a motion for a protective order has been met in this case.

**III.**

Plaintiff's proposed protective order mirrors in large part the Stipulated Protective Orders entered in other pending cases with certain notable exceptions explained in more detail below. Consequently, Defendants[2] do not object to the proposed order in its entirety. However, Defendants do challenge certain provisions and Wyndham has submitted its own proposed

---

[2] Only Defendants Wyndham and Choice Hotels International, Inc. ("Choice") have filed Responses in Opposition to Plaintiff's Motion. *See* ECF Nos. 73 and 74. For its part, Choice joins in Wyndham's motion and its proposed protective order. Choice adds, however, that "Defendants" have not been provided the identities of either Plaintiff or her alleged traffickers, and therefore, have been unable to conduct even a "basic investigation" into the facts underlying the allegations of the Complaint. ECF No. 74, at p. 1.

protective order for the Court's consideration.  *See* ECF No. 73-3.  The Court will address each disputed provision in turn.

    Plaintiff proposes the following provision relating to proceeding pseudonymously.

> 4.[3]  The Plaintiff is permitted to proceed pseudonymously throughout the course of these proceedings.  The Parties will reference the Plaintiff through the pseudonym "A.C." or as "Plaintiff" in all filings, throughout the course of discovery, and in all Court proceedings.

Defendants consent to Plaintiff's request to proceed by pseudonym in pretrial public filings but oppose "restrictions that interfere with [their] constitutional right to investigate and defend against Plaintiff's allegations" and wish to preserve their "right to seek to modify such procedures for purposes of trial."  (ECF No. 73, at pp. 1-2, 5.)   Accordingly, Defendants propose the following language addressed to this issue:

> 2. The Plaintiff is permitted to proceed pseudonymously in pre-trial public filings.  The Parties exclusively will reference the Plaintiff through the pseudonym "A.C." or as "Plaintiff" in all filings, throughout the course of discovery, and in pre-trial Court proceedings.

    Notably, Plaintiff's language more closely tracks the language of the Stipulated Protective Orders entered in other cases pending in this Court, including those where Wyndham or Choice are named Defendants.  *See H.H.,* No. 2:19-cv-755, ECF No. 36, at ¶ 2*; M.A.,* No. 2:19-cv-849, ECF No. 60-1, at ¶ 2; *Doe S.W.,* No. 2:19-cv-1194*,* ECF No. 58, at ¶ 2; *T.S*. No. 2:19-cv-2970*,* ECF No. 33, at ¶ 2*.*  Moreover, the Court is not convinced that there is any utility in Defendants' proposed language on this issue.  First, under both proposed versions, the immediately following paragraph requires that the parties keep Plaintiff's true identity confidential during and at the conclusion of this matter.  *See* ECF No. 62-1, at ¶ 5; ECF No. 73-3, at ¶ 3.  Moreover, both proposed orders permit disclosure

---

[3] Plaintiff's proposed order appears to be mis-numbered, skipping from paragraph 1 to 4.

4

to certain specified persons "as needed to litigate any claims or defenses" and to certain other identified persons that may be part of the trial preparation, trial, or mediation process. *See* ECF No. 62-1, at ¶¶ 5 A.-K.; ECF No. 73-3 at ¶¶ A.-K. Accordingly, the Court approves Plaintiff's proposed language on this issue.

Plaintiff's proposed order also contains a caveat for the disclosure of her true identity to certain identified persons. (ECF No. 62-1 at ¶¶ 5. D., E., F., G., and I.) Specifically, Plaintiff proposes that disclosure to these persons be made only after they "sign[] the agreement to be bound by this Protective Order." (*Id.*) This stands in contrast to the provisions contained in the Stipulated Protective Orders entered in the other cases. *See H.H.,* No. 2:19-cv-755, ECF No. 36, at ¶ 3 A.-K.*; M.A.,* No. 2:19-cv-849, ECF No. 60-1, at ¶ 3 A..-K.; *Doe S.W.,* No. 2:19-cv-1194*,* ECF No. 58, at ¶ 3 A.-L.; *T.S.* No. 2:19-cv-2970*,* ECF No. 33, at ¶ 3 A.-K.. Plaintiff does not address the specific need for this restriction directed to these identified persons. While Defendants do not address this aspect of Plaintiff's proposed order, the Court notes that Wyndham's proposed order does not contain similar language. *See* ECF No. 73-3, at ¶ 3 A.-K.[4] Because Plaintiff has offered no support for these specific limitations, the Court disapproves of this proposed language.

Restricting the potential for the disclosure of Plaintiff's identity to the alleged trafficker, however, is the true focus of Plaintiff's proposed protective order. To this end, Plaintiff proposes the following provisions:

> 5. The parties as well as their agents, employees, and assigns shall keep the true identity of Plaintiff confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Plaintiff's true identity to the following:

---

[4] Wyndham's proposed protective order at ¶ 3 A. also includes a reference to "the Parties' insurers." See ECF No. 73-3. Plaintiff's proposed version does not. The parties do not address this disparity.

5

…

>G. Any potential, anticipated, or actual fact witness, with the exception of the Plaintiff's trafficker (addressed below), and his or her counsel, but only to the extent that Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts or in testifying after signing the agreement to be bound by this Protective Order.

…

>6. The Parties recognize that rare circumstances may demonstrate a potential need for the release of the name(s) or alias(es) (if known) of Plaintiff's trafficker(s). Upon a showing of good cause, Plaintiff will agree to disclose what information she has regarding the trafficker(s) name 30 days before the close of discovery. If Defendants identify the trafficker's name or alias in the Defendants' database of registration, then the results of this search shall be promptly provided to counsel for Plaintiff.
>
>7. Because the trafficker(s) poses a substantial threat to the safety of the Plaintiff, and due to the extreme trauma inflicted on trafficking victims by their traffickers, the Plaintiff requires special protection. Therefore, the Parties shall not disclose the Plaintiff's true identity and/or physical description (such as gender, ethnicity, hair color, eye color, age, height, weight, etc.) to the Plaintiff's alleged trafficker(s), whether disclosed by Plaintiff pursuant to Paragraph 6 above or discovered by Defendants by other means. Furthermore, the Defendants shall not contact or attempt to contact Plaintiff's trafficker without first providing:
>
>>A. Notice to all counsel for Plaintiff;
>>B. A written explanation for the need to contact the trafficker;
>>C. The efforts made to obtain the information through alternative means;
>>D. A fourteen (14) day period for Plaintiff to object in writing to such contact.
>>E. An agreement signed by the trafficker that the trafficker knowingly waives his/her Fifth Amendment rights under the United States Constitution in the event they are called to a deposition.
>
>In the event Plaintiff objects to Defendants' proposed contact with the trafficker(s), Defendants may move the Court to contact the trafficker and the burden of proving the need to contact the trafficker shall be on the Defendants.

Plaintiff argues that these restrictions are necessary for several reasons but primarily because "[t]he risk of danger … is real and not purely conjecture." (ECF No. 62, at p. 8.) Plaintiff also asserts that the language of the TVPRA and Chief Judge Marbley's ruling confirm, contrary to Defendants' view, that the trafficker simply is not necessary to the investigation of

6

the alleged claims.  Finally, Plaintiff explains that the proposed restrictions are reasonable when compared to orders adopted by other courts across the country.

Defendants object to these proposed restrictions, characterizing them as "unprecedented" and "severely prejudicial" and note that other courts have rejected similar restrictions.  (ECF No. 73, at p. 8, 9; ECF No. 82, at p. 5.)  Defendants argue that they are entitled to investigate and conduct discovery with respect to each element of Plaintiff's claim "without interference from or oversight by Plaintiff's counsel."  (ECF No. 73, at p. 7; *see also* ECF No. 82, at p. 4.)  Further, they contend that Plaintiff's proposed restrictions threaten their due process rights and would impermissibly invade confidential attorney-work product.  Additionally, they explain that, under their interpretation of both the TVPRA and Chief Judge Marbley's decision, the trafficker is a "central witness."  (ECF 73, at p. 7; *see also* ECF No. 82, at p. 4.)

As an initial matter, the above discussion indicates that underlying the dispute here are the parties' differing perspectives on the trafficker's importance to the resolution of the Plaintiff's claims.  Plaintiff casts alleged traffickers as unreliable and essentially irrelevant while Defendants characterize them as "central."  Both arguments rely on the parties' individual interpretations of the TVPRA and Chief Judge Marbley's recent decision.  The disposition of the current motion does not require the Court to analyze the parties' arguments on these issues, and the Court declines to do so.

Turning to the focus of the current motion, as noted, Plaintiff's stated intention is the entry of a protective order minimizing the risk of harm from the alleged trafficker.  Plaintiff seeks to achieve this goal through two specific avenues – (1) limit the timeframe for the disclosure of the alleged trafficker's identity to Defendants and (2) prevent the disclosure of the Plaintiff's identity

to her alleged trafficker by establishing a protocol for Defendants' potential contact with the trafficker. These are two distinct issues and the Court considers them separately.

Plaintiff appears to recognize that the disclosure of her alleged trafficker's identity may be necessary. However, Plaintiff proposes restricting the release of the alleged trafficker's identity to 30 days before the close of discovery. (ECF 62-1, at ¶ 6.) Plaintiff does not explain the basis for this specific time limitation as it relates to her safety. Further, the Court notes that protective orders entered in similar cases around the country have not included such a limitation. *See, e.g., A.D. v. Wyndham Hotels and Resorts, Inc.*, Case No. 4:19cv120-AWA-LRL, ECF No. 41, ¶¶ 2, 3, (E.D. Va. July 30, 2020) ("Plaintiff shall … provide the identity of her allege trafficker(s) as part of her initial disclosures under Federal Rule of Civil Procedure 26." "… Defendant may request in the ordinary course of discovery any other information regarding the identify of Plaintiff or her trafficker(s));" *B.H. v. Choice Hotels International, Inc.*, Case No. 3:19-cv-03442-MGL, ECF No. 40 (D.S.C. April 23, 2020) (no such provision); *S.J. v. Choice Hotels International, Inc.,* No. 1:19-cv-06071-BMC (E.D.N.Y. April 9, 2020) (no such provision); *L.W. v. Hilton Worldwide Holdings, Inc.*, No. 4:19-cv-4172 ECF No. 20, ¶ 3 (S.D. Tex. Dec. 2, 2019) ("Counsel for Plaintiff shall provide to counsel for Defendants the true identity of Plaintiff's trafficker promptly following entry of this Protective Order.") Defendants, on the other hand, have explained how their investigations of Plaintiff's allegations are hampered without this information. Moreover, the inefficiency of this artificial time restriction is obvious. Accordingly, Plaintiff's motion for protective order is **DENIED** to the extent she seeks to include the language set forth in ¶ 6.

This brings the Court to the real matter at issue here – the proposed limitations on the disclosure of Plaintiff's identity and/or physical description to the alleged trafficker and the development of a protocol for Defendants' potential contact. As noted, courts across the country

have considered this issue in similar cases. A quick review of a sampling of these cases reveals a range of protective measures. For example, in *A.D.,* the Court entered a protective order that provides for fourteen-day advance notice to that plaintiff, "describ[ing] the information sought and explain[ing] the necessity of disclosing [p]laintiff's identity." No. 4:19-cv-120-AWA-LRL, ECF No. 41, at p. 3. If that plaintiff has a good faith objection, they may move to prevent the disclosure of their identity. *Id.* The defendant is prohibited from providing the information unless necessary for discovery purposes and then it can only be provided at the time of deposition. *Id.* Similarly, in *M.L. v. craigslist, Inc.,* No. 3:19-06153-BHS-TLF, ECF No. 143 (W.D. Wash. Aug. 3, 2020), the court modified the protective order at issue to include a provision preventing the disclosure of plaintiff's true identity to the known trafficker(s) or traffickers' known affiliate(s) unless particular procedures are followed. *Id*. at p. 4. These procedures require the disclosing party to request and obtain a court order before making any disclosure by filing a motion with the court describing the circumstances. *Id*. Prior to filing, the parties are required to meet and confer and, if possible, submit a stipulated motion. *Id.*

The parties also agreed to limitations in stipulated protective orders entered in *S.J.* and *B.H.* For example, the order in *B.H.* requires that the disclosing party provide notice to opposing counsel. 3:19-cv-3442-MGL, ECF No. 40, at p. 3. In *S.J.*, the defendant is required to send a letter to the court *ex parte* and *in camera* explaining to whom the plaintiff's identity will be disclosed and why this person may have important information relevant to the investigation and defense. 1:19-cv-6071-BMC, at p. 8. The court will then assess the risk and may conduct an *ex parte* conference with defense counsel. *Id.* If the court determines that no reasonable risk exists, it will endorse the submission and provide authority to proceed. *Id.*

9

Plaintiff's proposed protective order appears to adopt a variety of measures implemented in the above cases.[5] Plaintiff asserts, relying on the allegations of her amended complaint (ECF No. 24), that these proposed restrictions are necessary because she was trafficked for two years[6] and was repeatedly verbally abused, physically beaten, and raped at the hands of her trafficker. (*Id*. at ¶ 54.) Plaintiff further explains that the alleged trafficker gained control of her youngest child and used the child's welfare as leverage. (*Id.* at ¶ 57.) Plaintiff contends that she is at real risk of serious harm and attempts to distinguish her situation from other cases, including *M.A.* pending in this Court, where the traffickers are in prison or deceased.

Plaintiff's trafficking allegations appear to be somewhat more detailed than those in other cases pending in this Court. Given that Plaintiff alleges not only repeated personal harm, but also harm to a child, Plaintiff's safety concerns are reasonable.[7] Also reasonable, however, are

---

[5] From the Court's review of these orders, one thing is clear – none include a provision for the trafficker's knowing waiver of their Fifth Amendment rights as proposed by Plaintiff here. *See* ECF No. 62-1, ¶ 7.E. Plaintiff maintains that such a provision benefits all parties because otherwise the traffickers would have no incentive to tell the truth. The problems with this proposed language are obvious to the point they do not merit discussion.

[6] In her Amended Complaint, Plaintiff states that she was victimized by the alleged trafficker from approximately 2013-2015. (ECF No. 24, at ¶ 54.) She further describes the alleged trafficking as having occurred during the summer of 2013. (*Id*. at ¶¶ 55-79.) She also alleges she escaped in late summer 2013. (*Id.* at ¶ 79.)

[7] Both Wyndham and Choice argue that Plaintiff is not entitled to ***any*** protective measures here because there has been no evidentiary showing of specific safety risks warranting such restrictions, including no showing of Plaintiff's own efforts of protection. At the same time, they recognize that Plaintiff's allegations are "horrible." (*see* ECF No. 73, at p. 9). Further, there can be no dispute, as Plaintiff notes, that sex trafficking is inherently violent and that the issues involved are "sensitive and private." (*Id*. at 2.) In the Court's view, the nature of the matters at issue in this case serve to distinguish it from more pedestrian assertions frequently offered in support of protective orders. Moreover, both Wyndham and Choice have stipulated to similar or more severe restrictions in other cases. *See B.H. v. Choice Hotels International, Inc.*, Case No. 3:19-cv-03442-MGL, ECF No. 40 (D.S.C. April 23, 2020); *S.J. v. Choice Hotels International, Inc.,* No. 1:19-cv-06071-BMC (E.D.N.Y. April 9, 2020). For these reasons, the Court does not find Defendants' argument persuasive on the issue of whether any procedures designed to protect Plaintiff from her trafficker are appropriate in this case.

Defendants' concerns regarding their ability to investigate the facts underlying Plaintiff's allegations free from interference. Taking the parties' competing interests into account, the Court finds the following provision will meet the parties' needs here. To that end, the Court **DENIES** Plaintiff's motion to the extent that it seeks to include the proposed language set forth in ¶ 7. Instead, the Court **ORDERS** that ¶ 7 be replaced with the following language:

> Plaintiff's true identity may be disclosed to Plaintiff's known trafficker(s), and his or her counsel, only to the extent that Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts or in testifying. Prior to a Defendant's contact with Plaintiff's alleged trafficker, the parties must first meet and confer. If no agreement is reached, Defendant may file a motion seeking an order from the Court in which it will explain the necessity of the disclosure.

## IV.

Wyndham has moved for the entry of a protective order governing confidentiality and privilege identical to that submitted in *M.A.*, No. 19-cv-849 (ECF No. 163-1). Choice and Red Roof Inns, Inc. ("Red Roof") have joined in the motion. Plaintiff challenges the proposed order on various grounds. For the following reasons, Wyndham's motion is **GRANTED.**

First, Plaintiff objects to the proposed two-tiered confidentiality structure. This argument does not warrant much discussion. In *M.A.*, the Court acknowledged the propriety of such a structure for the protection of a defendant's intellectual property. Plaintiff has not persuaded the Court that these concerns are somehow less compelling in this case. Accordingly, the Court approves the use of a two-tiered confidentiality structure.

As an offshoot of this argument, however, Plaintiff further asserts that the definition of "confidential information" is too broad because it protects information about suspected traffickers who are also hotel customers. According to Plaintiff, the proposed definition will prevent the discovery of information, including the identities of traffickers or johns, and will

11

preclude Plaintiff's ability to question individuals who are not former employees about this information. In Wyndham's proposed order "confidential information" is defined as follows:

> D. <u>Confidential Information</u>: Discovery Material that qualifies as Confidential Information includes information that a Party reasonably believes constitutes, reflects, discloses, or contains: (i) potentially sensitive personal identifying information, including but not limited to names of Non-Parties (*i.e.*, hotel customers), dates of birth, social security numbers, phone numbers, addresses, employment histories, or credit card information; (ii) any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable; or (iii) other information otherwise covered by a legitimate right or interest of privacy.

Plaintiff proposes the following revised language:

> D. <u>Confidential Information</u>: Discovery Material that qualifies as Confidential Information includes information that a Party reasonably believes constitutes, reflects, discloses, or contains: (i) potentially sensitive personal identifying information, of hotel customers other than the plaintiff or customers who may have been involved in sex trafficking of the plaintiff or others, including but not limited to names of hotel customers, dates of birth, social security numbers, phone numbers, addresses, or credit card information; (ii) any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable.

Wyndham notes that the proposed order permits Plaintiff to show non-party deponents "confidential" materials [(IV)(A)(14)] and the information at issue is routinely protected. Moreover, Wyndham points out, if Plaintiff objects to a given designation, the proposed order provides a process for challenging such designation in § VII. The Court's reading of the proposed protective order confirms Wyndham's position. Accordingly, the Court approves the definition of "confidential information" in Wyndham's proposed order.

Next, Plaintiff argues that requiring non-party deponents to sign an acknowledgment form prior to being shown protected information amounts to intimidation. Plaintiff proposes that these deponents simply be required to agree on the record to be bound. Requiring signed acknowledgments is not unusual, however, and, as noted, has been adopted in both *M.A.* and

*H.H.*[8] Plaintiff has not demonstrated that there is any reason to depart from that fairly routine procedure here.

Plaintiff also objects to what she intimates is an outright restriction on the ability to show "highly confidential" documents to certain non-party deponents. Within this same line of argument, however, Plaintiff recognizes that the non-party deponents she describes – presumably ones falling outside the other thirteen categories of persons allowed access to information designated as "highly confidential" – could be granted access by written agreement or court order. Plaintiff then shifts to asserting that this proposed process is overly burdensome and would prevent the full and fair investigation of Defendants' policies, procedures, and guest safety protocols. (ECF No. 75, at p. 12.) Given the comprehensive list of persons granted access to highly confidential materials, including the designating party's employees or former employees (*i.e.*, those most likely to have knowledge of such matters), the Court finds it unlikely that this issue will arise with respect to a significant number of third-party deponents. Accordingly, the Court is not persuaded that this provision is particularly burdensome. For this reason, the Court will not require any revision to the proposed protective order directed to this issue.

Further, Plaintiff raises additional arguments that are wholly without merit. For example, Plaintiff contends that the proposed confidentiality order shifts the burden of demonstrating the propriety of confidentiality designations. It does not. Plaintiff asserts that there is no need for special procedures for sealed filings. In this Circuit, there is. Plaintiff argues that there is no

---

[8] Plaintiff suggests that Wyndham's proposed order is unclear as to whether a separate acknowledgment would need to be signed for each document or whether one signature per deposition would suffice. Professional courtesy and common sense seem to dictate the answer here.

13

need for a clawback provision. Such a provision generally serves both sides. Accordingly, the Court will not require any revision of the proposed protective order directed to these issues.

Finally, Plaintiff contends that plaintiff firms should not be prevented from sharing discovery related to the same documents. As Wyndham notes, this issue has been raised and rejected by the Court in the *H.H.* and *M.A.* cases. Plaintiff offers no basis, beyond a conclusory reference to cost savings, sufficient to convince the Court that the issue should be re-considered here.

## V.

Plaintiff's motion for a protective order (ECF No. 62) is **GRANTED, in part,** and **DENIED, in part,** as set forth above. Plaintiff is **DIRECTED** to submit a protective order consistent with the Court's analysis within seven days. Plaintiff shall submit the protective order in Word format to the Chambers mailbox, Deavers_chambers@ohsd.uscourts.gov, for signature and filing by the Court.

Wyndham's motion for a protective order governing confidentiality and privilege (ECF No. 66) is **GRANTED.** Wyndham is **DIRECTED** to submit a protective order consistent with the Court's analysis set forth above with seven days. Wyndham shall submit the protective order in Word format to the Chambers mailbox, Deavers_chambers@ohsd.uscourts.gov, for signature and filing by the Court.

   **IT IS SO ORDERED.**


                                                           */s/ Elizabeth A. Preston Deavers*_____
**DATED: September 8, 2020**        **ELIZABETH A. PRESTON DEAVERS**
                                                           **CHIEF UNITED STATES MAGISTRATE JUDGE**