# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| A.C., an individual, | CIVIL ACTION NO. 2:19-CV-04965-ALM-EPD |
| Plaintiff, | Chief Judge Algernon L. Marbley |
| RED ROOF INNS, INC. *et al.* | Chief Magistrate Judge Elizabeth A. Preston Deavers |
| Defendants. | |

## **PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 5.2, and its inherent authority, the Court hereby orders the entry of the following Protective Order in this matter.

1.  Counsel for Plaintiff shall provide to the respective counsel for the Defendants the Plaintiff's true identity and identifying information ("true identity") upon the entry of this Stipulated Protective Order by the Court. As used herein, true identity includes, but is not limited to, information such as:

    A. Name and any alias names used at any time;

    B. Date of birth;

    C. Social Security Number; and

    D. Current address and any prior addresses from 2010 to present.

Notwithstanding the foregoing, Defendants expressly reserve their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff, such as, but not limited to, any medical, educational, financial, employment, or other information.

2. The Plaintiff is permitted to proceed pseudonymously throughout the course of these proceedings. The Parties exclusively will reference the Plaintiff through the pseudonym "A.C." or as "Plaintiff" in all filings, throughout the course of discovery, and in all Court proceedings.

3. The Parties, as well as their agents, employees, and assigns shall keep the true identity of Plaintiff confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Plaintiff's true identity to the following:

- A. The Parties to this litigation, including any employees, agents, and representatives of the Parties, as well as the Parties' insurers, as needed to litigate any claims or defenses;
- B. Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;
- C. The Court, court personnel, and members of the jury;
- D. Court reporters, recorders, and videographers engaged for depositions;
- E. Any mediator appointed by the Court or jointly selected by the Parties;
- F. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;
- G. Any potential, anticipated, or actual fact witness, with the exception of the Plaintiff's trafficker (addressed below), and his or her counsel, but only to the extent that Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts or in testifying;

H. Any custodian of records, but only to the extent that Plaintiff's true identity will assist the custodian in obtaining and producing records;

I. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

J. Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiffs true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements; and

K. Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. Consent shall not be unreasonably withheld.

4. Plaintiff's true identity may be disclosed to Plaintiff's known trafficker(s), and his or her counsel, only to the extent that Plaintiff's true identify will assist the witness in recalling, relating, or explaining facts or in testifying.  Prior to a Defendant's contact with Plaintiff's alleged trafficker, the parties must first meet and confer.  If no agreement is reached, Defendant may file a motion seeking an order from the Court in which it will explain the necessity of the disclosure.

5. The Court highly discourages the manual filing of any pleadings or documents under seal.  Nothing in this Stipulated Protective Order authorizes the filing of protected materials under seal. This means that documents may not be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), Thus, the Parties may seek the Court's permission to file documents that are necessarily unredacted under seal in accordance with this process.

6. All Parties and any third-parties appearing or submitting filings in this case are **required to redact** the true identity and any identifying information (for example, full name, Social Security Number, date of birth, address, medical records number) of Plaintiff in their filings with the Court.

7. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Order, such party or nonparty should seek leave of Court prior to submitting any such filing.

8. The failure to identify Plaintiff in the Complaint need not be addressed on the pleadings stage motions.

9. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

**IT IS SO ORDERED**.

**DATED: September 22, 2020**  /s/ *Elizabeth A. Preston Deavers*
**Elizabeth A. Preston Deavers**
**Chief United States Magistrate Judge**